

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2123
Re: Authority of Comptroller of
Public Accounts to issue war-
rants on purchase of real
property by Highway Depart-
ment where it affirmatively
appears that such title is
good limitation title rather
than record title.

We are in receipt of your letter of March 26, 1940,
wherein you submit for our opinion the following question:

"In your letter addressed to the Highway
Department March 5, 1940, 'RE: M-895, Abstract
of title to part of Block 75 in the town of
Gilmer, Upshur County, Texas, you state, 'You
are advised that said affidavits are in proper
form to prove title by limitation in Mrs. Molly
McGee. If you desire to accept title by limita-
tion, you are advised that upon offer and delivery
of proper deed of conveyance, the title to this
property will be well vested in the State of Tex-
as.' 'These affidavits should be recorded.'

"I am attaching hereto the statement from
the Highway Department requesting the issuance of
warrant for $300.00 in payment of this deed. I
will thank you to advise this department whether
the Comptroller is authorized to issue warrant in
payment of this deed executed in the face of limita-
tion title as described in this abstract."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

At the outset, it is not amiss to state that this opinion does not involve the authority of the Highway Department of Texas, by and through its proper Divisions, under controlling general statutes and the Departmental Appropriation Bill, to purchase real property necessary to highway construction and maintenance in Texas. This general authority of the Highway Department is not questioned here.

Moreover, this opinion does not purport to re-examine and pass upon the title to the property in question, because this was done by our Opinion K-895, referred to in your letter. Title was therein passed as being good limitation title. The only question here is whether or not you are prohibited from issuing warrant to cover purchase money on such property as the Highway Department may, in its discretion, purchase for highway purposes, despite the fact that title of such property is admittedly based upon the Statutes of Limitation governing real property in Texas.

It is our opinion that you have the authority, under law, to issue the described warrant in the sum of Three Hundred ($300.00) Dollars, upon the statement of the Highway Department submitted to you in connection with the above described transaction. This department has heretofore duly examined and considered the facts supporting the ripening of limitation title to the property described in the instant question, and held that same would well and fully vest title in the Highway Department, upon the execution and delivery to it of a proper conveyance. An examination of the statutes governing the administration of the Highway Department in the construction and maintenance of State Highways, does not uncover any statute which, either directly or by inference, prohibits the Highway Department from purchasing real property necessarily incident thereto, even though title to such property is based upon the operation of the Statutes of Limitation. Absent such statute or a declared public policy, we think such purchase may be lawfully made.

Furthermore, we find nothing in the statutes governing the fiscal affairs of the State, the administration of your Department, generally, in the auditing and approval of claims and the issuance of warrants thereon, or in the General Departmental Appropriation Bill, which prohibits or tends to prohibit the issuance by you of the described warrant. The sound discretion of the Highway Department having been exercised

Honorable George H. Sheppard, Page 3

in the premises, as evidenced by statement filed with you for issuance of the desired warrant, we advise that you may lawfully issue same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

PMN:RS

APPROVED APR 4, 1940

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN